IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal Action No. 15-00245-CG-N |
| CHRISTOPHER SHANNON PARKS | : |
| Defendant. | : |

ORDER

For the reasons set forth below, it is **ORDERED** that the defendant, CHRISTOPHER SHANNON PARKS be **released 24 hours after entry of this Order** from the pretrial custody of the United States Marshal pursuant to the conditions set by the undersigned. If the Government files a request to have this Order reviewed by a United States District Judge within this 24-hour period, the defendant is to be detained until that review is resolved by the District Judge.

Defendant is charged with conspiracy to possess with intent to distribute a controlled substance (spice) (Count 2) and possession with intent to distribute a controlled substance (spice) (Count 3). (Doc. 1) Defendant was arraigned by the undersigned on December 16, 2015 and a detention hearing was held the following day. (Doc. 12) Present at the hearing were defendant Christopher Shannon Parks, along with his counsel Dom Soto, Esq., and Assistant United States Attorney Gloria Bedwell. The United States moved for pretrial detention of the defendant on the grounds, in sum, that he poses a risk of flight and a danger to the community. (Doc. 8) After hearing all the evidence and reviewing the pretrial services report the

undersigned concluded that the defendant had rebutted the presumption of detention and set conditions of release.  (Doc. 19 )  On January 19, 2016, defendant entered a guilty plea to Count 2 of the Indictment before United States District Judge Callie V.S. Granade.  (Docs. 32, 37)  At that time Judge Granade adopted the release order set by the undersigned and allowed defendant to remain on release pending sentencing.  Sentencing is presently set for May  18, 2016.  (Doc. 37)

On February 17, 2016  a petition was filed alleging that the defendant had violated the terms and conditions of his pretrial release.  (Doc. 43)  Specifically, the petition alleges that defendant tested positive for marijuana use on three occasions (January 4, 19th and 26th, 2016), that he tested positive for use of the prescription drug Xanax on January 4, 2016, and that he failed to report to random drug testing as directed on the color code on January 21, 2016.

A hearing was held before the undersigned on February 22, 2016 to determine whether defendant's conditions of release should be revoked.[1]  Present at the hearing were the defendant Christopher Shannon Parks, along with his counsel, Dom Soto and Assistant United States Attorney, Gloria Bedwell.  AUSA Bedwell argues that based on these violations, the defendant's conditions of release should be revoked and he should be ordered detained pending sentencing in May.

Counsel for defendant concedes that his client violated the COR by taking a nonprescription drug and by failing to appear for a drug test on January 21, 2016.  However, he maintains that the testing results are inaccurate and reflect

---

[1] The matter was referred to the undersigned by District Judge Granade.

2

discrepancies in the testing process. In addition, counsel notes that his client maintains that he has not smoked marijuana since his release.

Defendant took the stand and testified that he did not smoke marijuana after December 18, 2015, but that prior to that date he was a heavy user of the drug, smoking 6-7 "blunts" a day.  Defendant concedes that on January 4, 2016 he purchased one Xanax pill "off the street".  As to the missed drug test, Defendant testified that it slipped his mind.  Defendant further testified that on January 15, 2016 when he reported for his urine test, he was told by the probation officer that the urine contained too much water and could not be tested.[2] At the request of the undersigned, pretrial services contacted the supervising officer in Mississippi who reported that the defendant was tested on January 15, 2016 and the test was negative.  However, the probation officer advised that he believed the urine was diluted and instructed defendant to return on January 19, 2016 for testing.

The report from Alere states, in sum:  "It is my opinion that this offender reused marijuana prior to each of the collections listed: 1/4/16 and 1/19/16. I base this opinion on moderate to chronic use, the *lack of significant decrease* in the normalized level of drug present in the urine specimens collected on 1/4/16 and 1/19/16, the length of time the donor continues to test positive after the specimen collected on 12/18/15 (32 days) and a urine half-life of 48- 72 hours."  (Emphasis added)

---

[2] Defendant's mother likewise testified that she was told the test was "thrown out" because the urine contained too much water.

Defendant lives and works in Mississippi and is under courtesy supervision from the probation office in that district. He works for the Nissan dealership detailing automobiles. He currently lives with his mother, Cornelia Dabney. Mrs. Dabney testified that she does not work and that she and defendant's aunt have been taking defendant to work and to his drug screens. Mrs. Dabney further testified that she has started keeping a chart of defendant's drug screens and texts him each day to ensure that he has complied with the conditions of his release.[3] Mrs. Dabney indicated that she would be willing to act as Third Party Custodian for her son.

The petition asserts that defendant tested positive on three occasions in January. However, the results are subject to interpretation and defendant testified under oath that he has not smoked marijuana since his arrest.[4] Defendant's most recent drug tests (February 4, and February 16, 2016) have both yielded negative results.

Defendant did admit to purchasing one Xanax pill on the street and concedes that he "forgot" to report for drug testing on January 21, 2016. Defendant has, however, maintained employment with the Nissan dealership, and lives with his mother who is willing to be a Third Party Custodian. Based on the information contained in the violation memorandum (including the report from Alere Testing) and the testimony of the witnesses at the hearing the undersigned finds that

---

[3] Defendant is required to call pretrial services after 6:00 p.m. each day to retrieve his color code.

[4] The Alere Report notes that for a chronic user of marijuana based on a half-life cycle it would take 48-72 hours for the drug to leave the system. Although defendant's levels were decreased, the report maintains that they did not decrease enough to reflect non-use.

4

revocation of the conditions of release is not warranted *at this time*. Defendant's current conditions of release can be amended to adequately address the issue of safety and appearance.[5]

**DONE** and **ORDERED** this the 23rd day of February 2016.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**

---

[5] The amended conditions will include more frequent testing, a curfew compatible with Defendant's work hours and the appointment of Cornelia Dabney, Defendant's mother, as a Third Party Custodian.